UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

February 16, 2023

LETTER TO ALL PARTIES

Re:   *Terry Q. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-943-BAH

Dear Counsel and Plaintiff:

On April 18, 2022, pro se Plaintiff Terry Q. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 12, the parties' cross-motions for summary judgment, ECFs 18[1] and 20, and Plaintiff's response, ECF 21.[2] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") on May 5, 2021, alleging a disability onset of September 24, 2015. Tr. 17, 104, 226–27. Plaintiff later amended the alleged onset date to April 10, 2015. Tr. 48, 57. Plaintiff's claim was denied initially and on reconsideration. Tr. 109, 117. On January 12, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35-75. On February 3, 2022, the ALJ issued a written decision holding

---

[1] Plaintiff filed three motions for summary judgment with memoranda in support. *See* ECFs 11, 13, and 18. The Court has reviewed all filings and the arguments contained therein. Plaintiff indicated to the Court that he would like to withdraw his motions pending at ECFs 11 and 13. *See* ECF 16. As such, ECFs 11 and 13 will be denied as moot.

[2] The Court acknowledges Standing Order 2022-04 amending the Court's procedures regarding Social Security appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Because Plaintiff's motion in this case was filed prior to the effective date of the Standing Order, and because Defendant's filing is docketed as a motion for summary judgment, the Court will refer to them as motions for summary judgment.

that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. Tr. 14–33. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 7–11, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

This is not Plaintiff's first appeal to this Court. As noted by Defendant, *see* ECF 20-1, at 2, and recounted in the ALJ's written decision, *see* Tr. 17–18, Plaintiff previously filed an application for disability insurance benefits in April of 2010. Tr. 80–102. The claim was denied initially and on reconsideration. *See Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *1 (D. Md. Mar. 31, 2021). On December 14, 2015, Plaintiff requested a hearing before an ALJ. *Id.* After Plaintiff failed to appear at that hearing, the ALJ dismissed Plaintiff's hearing request. *Id.* Plaintiff later argued that he had potential good cause for missing the hearing. *Id.* The AC remanded Plaintiff's case back to the ALJ with instructions to consider whether Plaintiff's failure to appear at his hearing was excusable. *Id.* at *2. The ALJ found that Plaintiff's absence was not supported by good cause, and Plaintiff's hearing request was dismissed. *Id.*[4] The AC denied Plaintiff's request for review of the ALJ's decision and Plaintiff filed an appeal of that decision to this Court. *Id.* On March 31, 2021, Judge Boardman issued a comprehensive written opinion (and accompanying order) affirming the SSA's decision and closing Plaintiff's case. *Id.* at *22; *see also Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *1 (D. Md. Mar. 31, 2021), ECF 22. Neither party appealed Judge Boardman's decision.

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from Plaintiff's alleged onset date of April 10, 2015, through Plaintiff's date last insured of December 31, 2020. Tr. 22. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "cervical degenerative disc disease, status—post discectomy in

---

[3] 42 U.S.C. §§ 301 et seq.

[4] The ALJ's opinion in the case pending before the Court noted that Plaintiff again failed to appear for a re-scheduled hearing after Plaintiff's original case was remanded by the AC. Tr. 18. Judge Boardman's opinion makes no mention of this second non-appearance.

2014, right shoulder abnormality, status post arthropathy, left shoulder surgery, lumbar spine degenerative disc disease, with disc bulging, annular tear, and right L4 nerve impingement." Tr. 21. At step three, the ALJ determined that Plaintiff "did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except: sit for six hours in an eight-hour workday; stand and walk for six[5] of eight hours in an eight-hour workday; frequently reach overhead bilaterally; occasionally climb stairs and ladders; occasionally balance, stoop, kneel crouch, and crawl; should avoid even moderate exposure to hazards.

Tr. 23. After considering testimony from a vocational expert ("VE"), the ALJ determined that Plaintiff was able to perform past relevant work as a program analyst, DOT 160.162-02,[6] and a computer systems engineer, DOT 033.167.010. Tr. 28. The ALJ also clarified that both jobs "as generally performed and defined in the DOT did not require the performance of work-related activities precluded by the claimant's residual functional capacity." Tr. 28–29. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 29.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence.").

---

[5] The ALJ likely made a typographical error in noting that Plaintiff retains the RFC to both "sit for six hours" and "stand and walk for six of eight hours in an eight-hour workday." Tr. 23. The hypothetical presented to the VE limits Plaintiff to standing and/or walking for two hours in an eight-hour workday. Tr. 70. Plaintiff takes no issue with the typographical error and the ALJ's intent is clear from context, so any error is harmless. *See Douglas v. Astrue*, No. 1:09-1349-CMC-SVH, 2010 WL 3522298, at *3 (D.S.C. Sept. 3, 2010) (collecting cases discussing typographical errors and noting that remand is required only when there is "lack of clarity as to the ALJ's intent").

[6] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .*, are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

"The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV.   **ANALYSIS**

I have reviewed the entire record and the ALJ's opinion here. *See Young R. v. Comm'r Soc. Sec. Admin.*, No. SAG-18-2980, 2019 WL 2078637, at *1 (D. Md. May 10, 2019) (quoting *Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (outlining the process for reviewing pro se Social Security appeals). I find the ALJ properly evaluated Plaintiff's claim using the five-step sequential process and complied with relevant regulations and caselaw. I address each of Plaintiff's arguments below.

Plaintiff first avers that the ALJ erred in considering May 5, 2021, as the protective filing date of Plaintiff's claim instead of April 10, 2015. ECF 18-1, at 8. The ALJ's decision on this point was not erroneous. As noted above, Plaintiff previously litigated a DIB claim with a protective filing date of April 10, 2015. His new claim—filed in May of 2021—was correctly treated a separate application. *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 476 (4th Cir. 1999) ("The SSA's treatment of later-filed applications as separate claims is eminently logical and sensible, reflecting the reality that the mere passage of time often has a deleterious effect on a claimant's physical or mental condition."); *see also* HALLEX I-2-4-40.B(1)–(3).

Thus, the ALJ was correct in evaluating Plaintiff's disability claim as it was on May 5, 2021, and not, as a prior ALJ had already done, on April 10, 2015. Indeed, the ALJ here was not permitted to "re-do" that prior analysis. Under prevailing regulations, "[t]he doctrine of *res judicata* applies" if, as here, the SSA has "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." *See* 20 C.F.R. § 404.957. This is true even when the ALJ did not issue a decision after a hearing on the merits. *See Leviner v. Richardson*, 443 F.2d 1338, 1342 (4th Cir. 1971) (holding that *res judicata* applied "where a claimant filed an application for disability benefits which was denied on the

ground that disability was absent on the terminal date of his insured status and where the claimant failed to exercise his right to reconsideration and a hearing")).[7]

Plaintiff's next argument appears to rely on his contention that Judge Boardman's order remanded the case back to the SSA. ECF 18-1, at 6, 21; ECF 21, at 4. He argues that upon remand, the SSA failed to comply with Program Operations Manual Systems ("POMS") GN 03106.036, available at https://secure.ssa.gov/poms.nsf/lnx/0203106036. ECF 18-1, at 6. As an initial matter, internal manuals like the POMS "lack the force of law and create no judicially-enforceable rights." *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981). Even if the POMS did bind the SSA, Plaintiff's argument would still fail. Plaintiff is correct that POMS GN 03106.036 outlines the procedure the SSA follows when a district court issues a remand order. Judge Boardman's order, however, unequivocally affirmed the SSA's prior decision. Tr. 102; *see Quattlebaum*, 2021 WL 1225542, at *11 ("Because I agree with the Commissioner that substantial evidence supported the ALJ's findings, the ALJ did not abuse his discretion, and the ALJ applied correct legal standards, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g)."). Thus, because Judge Boardman's order was not a remand order, this POMS provision is inapplicable to Plaintiff's case.

Plaintiff further argues that the administrative record is incomplete, as it does not include the documents relating to his previous claim filed April 10, 2015. ECF 18-1, at 3–6. This argument, too, relies on Plaintiff's mischaracterization of Judge Boardman's order as a remand order. As explained, Judge Boardman affirmed the SSA's decision—she did not remand the case back to the SSA. The administrative record is complete in this case, as it includes "the evidence upon which the findings and decision complained of are based," 42 U.S.C. § 405(g), including the ALJ's February 3, 2022, decision denying benefits, a transcript of the January 12, 2022, hearing, Plaintiff's request for Appeals Council review, and the medical evidence of record.

Plaintiff next claims that the ALJ "failed to demonstrate a properly filed protective date closeout notice" in violation of POMS GN 00204.012B, available at https://secure.ssa.gov/poms.nsf/lnx/0200204012, and that his DIB claim remains pending. ECF 18-1, at 10–13. Plaintiff misunderstands "protective filing dates." The SSA uses protective filing

---

[7] During the hearing, Plaintiff expressly noted that he was not moving to reopen his prior claim. Tr. 48, 54–55. Even if he had and the ALJ denied that request, this Court does not have subject matter jurisdiction "to review the [Commissioner]'s refusal to reopen a prior determination." *Hall v. Chater*, 52 F.3d 518, 520 (4th Cir. 1995) (citing *Califano v. Sanders*, 430 U.S. 99, 102 (1977)). Similarly, this Court does not have jurisdiction "to review the ALJ's decision to deny [his] present claim on the basis of *res judicata*." *Butler v. Astrue*, No. 7:09-CV-55-FL, 2009 WL 3648277, at *9 (E.D.N.C. Nov. 3, 2009) (citing *Tobak v. Apfel*, 195 F.3d 183, 187 (3d Cir. 1999); *Neighbors v. Sec'y of Health, Educ. & Welfare*, 511 F.2d 80, 81 (10th Cir. 1974); *Carney v. Califano*, 459 F. Supp. 537, 539 (W.D. Mo. 1978)); *see* Tr. 19 (finding that "rules applicable to *res judicata* and administrative finality apply, as appropriate," so Plaintiff's May 2015 claim was not properly before the ALJ).

dates as a mechanism to allow a claimant to use the date he indicates an intent to file an application as his actual application date when he completes the application within a certain period of time. *See* 20 C.F.R. § 404.630; POMS GN 00204.010, available at https://secure.ssa.gov/poms.nsf/lnx/0200204010. As Defendant accurately explains, protective filing dates do not extend beyond the current application. In this case, Plaintiff's protective filing date is May 5, 2021—the date he indicated an intent to file an application—rather than May 26, 2021—the date he signed (and completed) his application. Tr. 17, 104, 226. Additionally, Plaintiff's prior claim is not before the Court as explained above, so any error in failing to issue a closeout notice is not within the scope of the Court's review.

Next, Plaintiff argues that the ALJ applied incorrect regulations. Plaintiff argues that, because his protective filing date is April 10, 2015, the ALJ should have used the regulatory framework outlined in 20 C.F.R. § 404.1527 to evaluate the medical opinions, despite new superseding rules becoming effective March 17, 2017, and should have used the musculoskeletal listings framework as it was outlined in 20 C.F.R. Part 404, Subpart P, Appendix 1 prior to the changes that became effective April 2, 2021. ECF 18-1, at 7, 15–17. As noted above, however, the claim at issue is the new claim filed on May 5, 2021, not the April 10, 2015, claim. ALJs do not have discretion to apply different regulations—they must evaluate a claim using the regulations in effect at the time a claimant filed a claim. Thus, the ALJ was correct in applying the rules as they were on May 5, 2021.

"For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. §§ 404.1520c, 416.920c). An ALJ is required to "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)). "Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions." *Id.* (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)). Therefore, the ALJ is required to "explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the ALJ's] . . . decision." *Id.* "Supportability generally refers to 'the objective medical evidence and supporting explanations presented by a medical source.'" *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). Regarding consistency, the ALJ looks to the degree of consistency between the medical opinion and "the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2).

To be sure, Plaintiff does not argue that the ALJ misapplied these rules—only that these rules did not apply to his claim at all. Nevertheless, I find that the ALJ correctly evaluated the medical opinions in the record under 20 C.F.R. § 404.1520c. The ALJ adequately explained the supportability and consistency of the opinions of Dr. Neckritz, State agency medical consultants Drs. Najar and Rudin, Dr. Bydon, Dr. Zikria, and Plaintiff's own letter to Mr. Reif. Tr. 27–28. Further, the ALJ appropriately considered the evidence underlying the Veterans Affairs disability determination but did not assign it any persuasive value. Tr. 28. Remand is not warranted on this point.

Nor does Plaintiff argue the ALJ misapplied the musculoskeletal listings that were in effect on May 5, 2021. The ALJ thoroughly evaluated Plaintiff's musculoskeletal impairments under Listings 1.15, 1.16, and 1.18. Tr. 22–23. The ALJ explained that the evidence of record does not establish that Plaintiff meets any of these listings because Plaintiff "has not satisfied the criteria for subparagraph D for any of the listings" as "[t]here is no evidence of a medically documented need for an assistive device or the degree of functional limitation required in any of the aforementioned listings." Tr. 23. I find that the ALJ's analysis is supported by substantial evidence.

Finally, Plaintiff takes issue with the VE's testimony, asserting that "[t]he hypothetical questions and answers appear in conflict" because the VE repeatedly had to clarify his answers. ECF 18-1, at 18–19. Plaintiff did not object to the VE's expertise at the hearing. Tr. 43. Nor did Plaintiff ask the VE any questions when prompted. Tr. 73. Though the transcript reflects some confusion between the ALJ and VE (who seemed to be talking simultaneously at times), Tr. 67–73, an ALJ asking for clarifications does not create an error warranting remand.[8]

Because the ALJ supported his conclusions at each step of the sequential evaluation with substantial evidence, I must affirm. "This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

V. **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 18, is DENIED and Defendant's motion for summary judgment, ECF 20, is GRANTED. Plaintiff's

---

[8] I note that the RFC determination in the ALJ's decision is a hybrid of the two hypotheticals presented to the VE, meaning the RFC was not presented in its entirety to the VE. *See* Tr. 23, 67, 70. Plaintiff does not raise this issue on appeal here. The Fourth Circuit, in *Britt v. Saul*, expressly did not address the effect of a "discrepancy . . . between the administrative law judge's [RFC] finding and the hypothetical question posed" to the VE because the plaintiff did not raise that argument. 860 F. App'x, 256, 263 (4th Cir. 2021). Because Plaintiff did not raise this issue, I decline to decide it here. Regardless, if it were error, it likely would be harmless because Plaintiff has not demonstrated how the outcome would change. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency determination."); *Smith v. Colvin*, No. TMD-15-1694, 2016 WL 5147195, at *10 (D. Md. 20, 2016) (citing *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012)) (finding harmless error where the claimant failed to demonstrate how the result would have changed had the ALJ properly addressed the claimant's cognitive difficulties in the RFC analysis). Under both hypotheticals, Plaintiff could still perform past relevant work. Tr. 67–73.

*Terry Q. v. Kijakazi*
Civil No. 22-943-BAH
February 16, 2023
Page 8

pending motions at ECFs 11 and 13 are DENIED MOOT.[9]  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[9] Plaintiff informed the Court that he would like to withdraw these motions.  ECF 16.