# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

March 24, 2023

LETTER TO ALL PARTIES

Re: *Terry Q. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-943-BAH

Dear Counsel and Plaintiff:

Plaintiff, *pro se*, filed a Motion to Vacate Judgment and Remand ("Plaintiff's Motion) on March 6, 2023, seeking relief from this Court's February 16, 2023, Order which denied Plaintiff's motion for summary judgment, granted the Social Security Administration's ("SSA's," "Defendant's," or "Commissioner's") motion for summary judgment, and affirmed the SSA's judgment. ECF 24. Defendant did not file a response. Though Plaintiff filed his Motion pursuant to Md. R. Civ. P. Dist. Ct. 3-535, the Federal Rules of Civil Procedure, not the Maryland Rules, apply in this Court. The Court construes Plaintiff's Motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Jarvis v. Berryhill*, No. TMD 15-2226, 2017 WL 467736, at *1 (D. Md. Feb. 3, 2017) (construing *pro se* plaintiff's "Motion for Reconsideration and Motion to Vacate Order" as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e)).[1]

Under Rule 59(e), the Court may alter or amend its prior ruling in three situations: (1) where "there has been an intervening change of controlling law," (2) where "new evidence has become available," or (3) where "there is a need to correct a clear error or to prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018) (internal quotation marks omitted) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001)).

Though the Court has an obligation to liberally construe the filings of self-represented parties, it is not permitted to act as "an advocate for a *pro se* litigant." *Zaman v. Cmty. Coll. of Balt. Cty.*, No. JKB-17-3584, 2018 WL 1811520, at *2 (D. Md. Apr. 17, 2018); *see also Levy v. Howard Cnty.*, No. SAG-21-2800, 2022 WL 703927, at *1 (D. Md. Mar. 9, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nor can the Court "assume, or invent, facts outside the record

---

[1] Plaintiff notes that he "did not file a timely reply (10 days) because" he only received the Court's February 16 Order from the Clerk's office on March 1, 2023, after having trouble accessing documents online. ECF 24, at 2. Rule 59(e) motions must be filed within 28 days of the Court's judgment. *See Jarvis*, 2017 WL 467736, at *1 (citing Fed. R. Civ. P. 59(e)). Plaintiff filed the instant Motion only 18 days after the Court's February 16 Order, so it is timely.

*Terry Q. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-943-BAH
March 24, 2023
Page 2

in order to patch together a viable claim for a *pro se* plaintiff." *Zaman*, 2018 WL 1811520, at *2; *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented")).

Here, Plaintiff does not argue that there has been an intervening change in the law. Plaintiff notes that he learned for the first time that the ALJ had stated that he failed to appear for a rescheduled hearing when reading this Court's February 16 Order. ECF 24, at 2, 5. But the Court quoted that statement from the ALJ's February 2022 decision. *See* Tr. 18. Plaintiff had a copy of that decision in the administrative record, and that decision was the subject of his appeal to this Court and his motion for summary judgment. *See* Tr. 14–33; ECF 18. Thus, this is not a case where new evidence has become available after the Court's decision. Regardless, that statement by the ALJ had no bearing on this Court's decision to affirm the ALJ's decision.

Plaintiff argues that "[i]t is reasonable for [Plaintiff] to question what Judge Boardman 'affirmed' in her memorandum opinion (brief dated March 31, 2021)." Though the Court is sympathetic to Plaintiff's confusion, Judge Boardman unequivocally "den[ied] plaintiff's motion, grant[ed] the Commissioner's motion, and affirm[ed] the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g)." *Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *1 (D. Md. Mar. 31, 2021), ECF 22. Plaintiff did not appeal Judge Boardman's decision, and the appeal window lapsed long ago. Instead, Plaintiff filed a new claim with a protective filing date of May 5, 2021, which the ALJ denied. Tr. 14–33. In its February 16 Order, this Court affirmed the SSA's judgment and found that the ALJ's decision was supported by substantial evidence, including the finding that Plaintiff's May 5, 2021, claim constituted a new claim and that the ALJ correctly applied principles of *res judicata*. ECF 22, at 4–5; ECF 23.

Plaintiff does not point to any other potential basis for reconsidering the Court's February 16 Opinion beyond asking the Court to "reconsider this case judgment to be vacated and remanded to the SSA for appropriate review of the merits" and to consider "whether res judicata is lawfully applicable or appropriate in his initial claim." ECF 24, at 5. As such, Plaintiff has not shown that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

Because there is no appropriate basis for reconsideration, Plaintiff's Motion, ECF 24, construed as a motion to alter or amend judgment, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge